Amy E. Clark Kleinpeter, State Bar Number 223491
Clark Kleinpeter Law
14431 Ventura Blvd., #750
Sherman Oaks, CA 91423
Telephone: (626) 507-8090
Fax: (626) 737-6030

Attorney for Angel Malave

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angel Malave, an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>DEBT RESOLUTION CENTER, f/k/a FREEDOM DEBT CENTER, a California Corporation; NATIONWIDE SUPPORT SERVICES, INC., a California corporation and Does 1 to 10,<br><br>Defendants. | Case No. CV-11-7371 R (JEMx)<br><br>*Hon. Manuel L. Real*<br><br>EX PARTE APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME SO THE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT CAN BE HEARD ON NOVEMBER 7, 2011<br><br>Courtroom: 8 (second floor)<br>Date: TBD if necessary<br>Time: TBD if necessary |

　　　Plaintiff Angel Malave seeks leave to file a second amended complaint (first amendment as to Defendant Nationwide Support services) or in the alternative, seeks an order shortening time so that a motion may

be heard consecutively with Defendants' motion to dismiss and motion for a more definite statement, on November 7, 2011 at 10:00 a.m..

    This motion is being made ex parte to request the court grant Plaintiff relief from Local Rule 7-3, as there is not time to wait 10 days prior to filing motion or 5 days prior to the last day for filing the motion following the conference of counsel pursuant to L.R. 7-3.  The parties did communicate about the subject of this motion, both via email on October 20, 2011 and on telephone on October 24, 2011.

    Defendants oppose this ex parte application and did not wish to stipulate for leave to amend.

    Pursuant to Local Rule 7-15, Angel Malave waives oral argument and requests that the Court dispense with oral argument on
this motion.

    This motion will be made pursuant to Rule 15 of the Federal Rules of Civil Procedure because the interests of justice require amendment. This motion will be based upon this notice of motion, the attached memorandum of points and authorities, supporting declarations, and exhibits, upon the pleadings and papers on file in this action, and upon any additional evidence that the Court may require.

I.    INTRODUCTION:

    Plaintiffs' motion for leave to file a second amended complaint seeks to respond to the Defendants' joint motion for a more definite statement and motion to dismiss (which addressed three of the four claims in Plaintiff's first amended complaint.)

    As the first amended complaint added Defendant Nationwide Support Services, Inc. ("Nationwide"), this will be the first amendment as to

defendant Nationwide.

The first amended complaint was filed by agreement of Plaintiff and DEBT RESOLUTION CENTER, f/k/a FREEDOM DEBT CENTER, a California Corporation ("DRC") and with court order with an agreed stipulation to file in the state court.

This will be the first amendment in Federal Court and the first amendment as to Defendant Nationwide Support Services.  Nationwide Support Services has not filed a responsive pleading in this litigation in either state or federal court.

Good cause exists in that the by the filing of a second amended complaint will clarify the claims of Plaintiff.  Both parties will save time and speed negotiation by narrowing the claims at issue and omitting the need of some of Defendant's written and oral discovery.

## II.   STATEMENT OF FACTS

Angel Malave filed a complaint in pro se in Los Angeles Superior Court on August 27, 2010, against Defendant Debt Resolution Center ("DRC") and former Defendant Noteworld LLC.   Defendants, as well as new Defendant Nationwide, work together to offer "Debt Relief Services" to consumers.

Mr. Malave initially sued DRC and Noteworld for breach of contract, violations of California's check sellers, bill payers and proraters law, violations of California's Consumer Legal Remedies' Act, and breach of fiduciary duty.

Angel Malave was targeted by Defendant Debt Resolution Center, f.k.a. Freedom Debt Center, and received mailers promising he could pay off his debt in a short time for one monthly low payment.  At that time, Mr.

Malave was undergoing testing for possible cancer and his mind was on his family and how they would fare if he were not only diagnosed as having cancer, but things progressed for the worst. He saw the program at Debt Resolution Center as a way to pay off the family's credit card debt faster and so despite being current with all his credit cards, Mr. Malave joined the debt settlement program. As he began the program, Mr. Malave was diagnosed with cancer.

As instructed by DRC employee's, Mr. Malave ceased his payments on his credit cards and instead made monthly payments to DRC. The idea was that Mr. Malave would save money in a trust account held by Noteworld (since dismissed from this suit) and DRC would make settlements with the creditors and pay off the debt with money saved in the trust account. However, the first payments all went towards DRC's fee, and so when Mr. Malave was sued by his first creditor, little to no money was saved for settlement.

Mr. Malave was given legal advice by the legal division at DRC, who provided him with forms for requesting arbitration and after Mr. Malave filled the forms out, he sent them to DRC and received corrections, then Mr. Malave would file the documents.

Before dropping out of the program, in less than one year, Mr. Malave was sued by four of his six creditors that had been enrolled in the program. He filed motions to compel arbitration in all, as instructed by non-lawyers at DRC, and three motions were granted and one denied.

None of his credit card debts were settled by DRC; instead, he defaulted in all and was charged high penalties and late fees, all which were added to the amounts he owed and compounded with interest rates which had been increased due to his delinquent status. DRC likes to talk

about how they have returned Mr. Malave's payments, but they cannot undue the damage they caused.

Mr. Malave's case is hardly unique, as studies have shown that the majority of consumers (numbers vary but over 90%) who join Debt Relief services end up spending money on fees and getting few or no debts settled.

Because of DRC's advice, Mr. Malave was sued four times, his credit was destroyed and the stress in his life increased geometrically as he was undergoing treatments for his cancer.

### III.  PROCEDURAL HISTORY

Angel Malave filed a complaint in pro se in Los Angeles Superior Court on August 27, 2010, against Defendant Debt Resolution Center and former Defendant Noteworld LLC.  Kleinpeter Dec. ¶4.  Defendants, as well as new Defendant Nationwide, work together to offer "Debt Relief Services" to consumers.  Mr. Malave dismissed Noteworld early in the litigation, but Debt Resolution Center did answer the complaint.

Plaintiff's counsel, Amy Clark Kleinpeter, substituted into this matter on or about February 14, 2011.  Defendant's counsel, Steven Krongold, substituted into this matter on or about July 27, 2011.  The parties stipulated to continue trial at that point. Kleinpeter Dec. ¶5.

Following further discovery, Ms. Kleinpeter determined that a necessary party had been left out – Nationwide.  Many of the actions believed to have been taken by DRC were actually performed by Nationwide, who also trained all DRC employees.

The parties stipulated to allow Plaintiff to file a first amended complaint, which was filed in Los Angeles Superior Court on August 31,

2011. This complaint named Debt Resolution Center and the new defendant, Nationwide Support Services. The claims were fraud, violation of Consumer Legal Remedies Act, violation Of The Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq., and negligent Infliction of Emotional Distress (only one claim in common with initial complaint). Kleinpeter Dec. ¶6.

This action was removed to Federal Court on September 9, 2011.

Defendants filed a Motion to dismiss and a Motion for More Definite Statement on September 27, 2011.

Believing that Fed. Code of Civ. Procedure 15A applied, Plaintiff attempted to file the second amended complaint in advance of the date the opposition to Defendants' motions was due. The court clerk refused to accept the filing, and the next day accepted the document with deficiencies but not for filing. Misreading a local rule that states that "all" amended documents must be electronically filed, Plaintiff's counsel also electronically filed the second amended complaint. Kleinpeter Dec. ¶10.

The second amended complaint was rejected by this court on October 20, 2011. Kleinpeter Dec. ¶11.

On October 20, 2011, Plaintiff contacted Defense counsel to see if Defendants would stipulate to the filing of the second amended complaint and provided Defendant with a copy as it was filed. Defendant did not respond to the email or multiple calls to his office, but when Plaintiffs counsel contacted him on his cell phone on October 24, she learned that Defendants would not stipulate. Kleinpeter Dec. ¶3.

Plaintiff informed Defense counsel both in the October 24, 2011 phone call and in October 20 email, and then more formally in an email and facsimile on October 25, 2011, that Plaintiff would be proceeding ex parte

for an order allowing leave to file second amended complaint or in the alternative, an order shortening time on such a motion so that it would be heard on November 7, 2011.   A copy of this ex parte application and the proposed second amended complaint was emailed to Defense counsel prior to filing. Kleinpeter Dec. ¶2.

### III.  LEAVE TO AMEND SHOULD BE GRANTED

a. Plaintiff's second amended complaint should be allowed under the court's policy of liberal provision of leave to amend

"[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[L]eave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (two-year delay alone insufficient to deny leave to amend).

"Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.C. Ca. 2003).

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  These factors do not carry equal weight. The most important factor is whether the amendment will prejudice the opposing party. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.

1973). Here, the claims are unchanged between the first and second amended complaint and allegations in the second amended complaint are very similar, they are just more detailed. The second amended complaint describes the claims more clearly such as was requested in Defendants' motion for a more definite statement and in response to Defendants' motion to dismiss. Kleinpeter Decl., ¶ 7 Defendant will suffer no prejudice as a result of the amendment.

The amended complaint is not submitted in bad faith. It is being filed in response to Defendants' motions and more specifically describes the fraud claim in particular but also addresses Defendants' concerns with the CLRA and negligent infliction of emotional distress causes of action. Kleinpeter Decl., ¶ 9.

There has been no undue delay. Plaintiff began work on the amended complaint after receipt and review of Defendants' motion to dismiss and motion for a more definite statement. When Plaintiff's amended complaint was rejected by the court, her counsel contacted Defendant's counsel on October 16 and 17, but was unable to reach him and he did not return her messages. She then contacted Defense counsel via email on October 20, 2011, to request that Defendant stipulate to amend. The October 20, 2011 email providing Defendant with an outline on the legal reasoning why amendment should be allowed, the proposed stipulation and proposed amended complaint. Kleinpeter Decl., ¶ 3.

Local Rule 7-3 requires Plaintiff to wait 10 days before filing the motion under Local Rule 7-3 or 5 days prior to last day motion must be filed. Both would have put the motion date past the date of the unopposed motion for a more definite statement and motion to strike, so Plaintiff is proceeding ex parte for an order shortening time – clearly no delay.

Finally, the amendment would not be futile. Plaintiff has responded to the Defendants' concerns on his fraud claim and clearly delineated which phrases and alleged facts were communicated to him, who made each communication, when each was made and how he relied on each and how for each, Defendants had knowledge the communication was false. Plaintif as also addressed Defendants concerns on the applicability of the CLRA claim and added detail to the negligent infliction of emotional distress claim.

Additionally, the fourth claim for EFTA violations as to Nationwide, was not mentioned in Defendants' motion to strike, so allowing Plaintiff to continue on this claim seems to not be futile.

b. <u>Plaintiff should be allowed to file the second amended complaint as a matter of course under Fed. R. Civ. P. 15(a)</u>

Plaintiff's first amendment was with court permission after agreement by all parties, and therefore did not use the "free" amendment allowed under Fed. R. Civ. P. 15 (a) "(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Federal courts have found that Plaintiff was allowed to make use of the right to amend as a matter of course for a second amended complaint if the first was filed pursuant to court order. *See, e.g. Thompson v. Jiffy Lube Intern., Inc.*, D.Kan.2007,505 F.Supp.2d 907, "Plaintiffs could file second amended complaint as of right, after seeking and receiving court permission to file first amended complaint."

### c. In the alternative, the court should allow the filing of the second amended complaint for Nationwide alone under Fed. R. Civ. P. 15 (a)

Also, Defendant Nationwide has never filed a responsive pleading in this matter in state or federal court. Under Rule 15(a), courts should grant leave to amend as a matter of course until a responsive pleading is filed. *See*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) and *Motley v. Parks* (C.D. Cal. 2000) 198 F.R.D. 532, 533.

Because Nationwide was not a defendant in the initial complaint, this will be the first amendment relating to Nationwide. "If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Boyd v. District of Columbia*, D.D.C.2006, 465 F.Supp.2d 1.Federal Civil Procedure).

At the very least, Plaintiff has a right to file, without court permission, a complaint against Nationwide only.

### IV. CONCLUSION

For all of the foregoing reasons, Angel Malave's ex parte application for leave to file an amended complaint should be granted. In the alternative, Mr. Malave's ex parte application for an order shortening time on the motion for leave to file an amended complaint should be granted.

Dated: October 25, 2011    Clark Kleinpeter Law


By___/s/ Amy Clark Kleinpeter_____
Amy E. Clark Kleinpeter
Attorney for Angel Malave, Plaintiff

EX PARTE APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME SO THE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT CAN BE HEARD ON NOVEMBER 7, 2011
- 10-

DECLARATION OF AMY E. CLARK KLEINPETER

I, Amy E. Clark Kleinpeter hereby declare as follows:

1. I am counsel for Angel Malave in this action.

2. DECLARATION OF NOTIFICATION – Defendants OPPOSE this ex parte application. Plaintiff informed Defense counsel both in the October 24, 2011 phone call and in October 20 email, and then more formally in an email and facsimile on October 25, 2011, that Plaintiff would be proceeding ex parte for an order allowing leave to file second amended complaint or in the alternative, an order shortening time on such a motion so that it would be heard on November 7, 2011. A copy of this ex parte application and the proposed second amended complaint was emailed to Defense counsel prior to filing. (True and correct copy of notice attached as Exhibit B).

3. MEET AND CONFER -- On October 16, 2011, Plaintiff's counsel contacted Defense counsel by telephone, but he stated he was on the other line and would call her back. On October 17, 2011, Plaintiffs counsel left a message with Defense counsel's office. Defense counsel did not return the calls. On October 20, 2011, Plaintiff contacted Defense counsel via email to see if Defendants would stipulate to the filing of the second amended complaint and provided Defendant with a copy of the second amended as it had been filed, a copy of the proposed stipulation and legal argument for allowing amendment. Defendant did not respond to the email or multiple calls to his office, but when Plaintiffs counsel contacted him on his cell phone on October 24, she learned that Defendants would not stipulate. (True and correct copy of email attached as Exhibit A).

4. Plaintiff filed this action on August 27, 2010. The first amended complaint was filed on August 31, 2011.

5. Plaintiff's counsel, Amy Clark Kleinpeter, substituted into this matter on or about February 14, 2011. Defendant's counsel, Steven Krongold, substituted into this matter on or about July 27, 2011. The parties stipulated to continue trial at that point.

6. The parties stipulated to allow Plaintiff to file a first amended complaint, which was filed in Los Angeles Superior Court on August 31, 2011.  This complaint named Debt Resolution Center and the new defendant, Nationwide Support Services.  The claims were fraud, violation of Consumer Legal Remedies Act, violation Of The Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq., and negligent Infliction of Emotional Distress (only one claim in common with initial complaint).

7. The second amended complaint is being filed in response to Defendants' motion for a more definite statement and motion to dismiss, both filed on September 27, 2011 and more specifically describes the fraud claim in particular but also addresses Defendants' concerns with the CLRA and negligent infliction of emotional distress causes of action.

8. Plaintiff began work on the amended complaint after receipt and review of Defendants' motion to dismiss and motion for a more definite statement.

9. The second amended complaint adds no new parties or claims.  It more specifically describes the fraud claim in particular but also addresses Defendants' concerns with the CLRA and negligent infliction of emotional distress causes of action.

10. Believing that Fed. Code of Civ. Procedure 15A applied, Plaintiff attempted to file the second amended complaint in advance of the date the opposition to Defendants' motions was due.  The court clerk refused to accept the filing, and the next day accepted the document with deficiencies but not for filing.  Misreading a local rule that states that "all" amended documents must be electronically filed, Plaintiff's counsel also electronically filed the second amended complaint.

11. The second amended complaint was rejected by this court on October 20, 2011.

12. Plaintiff now moves for leave to file an amended complaint.

13. The proposed amended complaint has been submitted concurrently with this ex parte application and the accompanying motion.

14. I believe that the claims alleged in the amended complaint are warranted by the facts and the law.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 25, 2011

___/s/ Amy E. Clark Kleinpeter_____
Amy E. Clark Kleinpeter

EX PARTE APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME SO THE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT CAN BE HEARD ON NOVEMBER 7, 2011
- 13-